David M. Poore, SBN 192541
Scott A. Brown, SBN 177099
BROWN | POORE LLP
1350 Treat Blvd., Suite 420
Walnut Creek, California 94597
Telephone:    (925) 943-1166
dpoore@bplegalgroup.com

James Mills, SBN 203783
LAW OFFICES OF JAMES MILLS
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone:    (510) 521-8748
james@jamesmillslaw.com

Attorneys for Plaintiff
BOB SARLATTE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB SARLATTE,<br><br>Plaintiff,<br><br>v.<br><br>SAN FRANCISCO 49ERS, LTD; E2K; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES, EQUITABLE AND/OR INJUNCTIVE RELIEF**<br><br>VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 621 ET. SEQ.; VIOLATIONS OF THE FAIR EMPLOYMENT AND HOUSING ACT, GOVERNMENT CODE §12940, ET. SEQ.; WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br><br>**JURY TRIAL DEMANDED** |

Plaintiff BOB SARLATTE complains and alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff BOB SARLATTE is, and at all relevant times hereto, has been a resident of the State of California.

2. Plaintiff is informed and believes and thereby alleges that Defendant SAN FRANCISCO 49ERS, LTD, a limited partnership ("49ers" or "Defendant") is a professional football team with the National Football League ("NFL"), which maintains its principal offices and/or principal place of business in this judicial district in the State of California.

3. At all relevant times, Defendant 49ers was an employer in the State of California, and, as such, was prohibited from discriminating in the terms and conditions of employment on the basis of any protected category, including the fact that an employee is over the age of 40 years. Defendant 49ers employed more than 20 full-time employees, and, as such, was an employer within the meaning of the California Fair Employment and Housing Act ("FEHA"), and the Age Discrimination in Employment Act ("ADEA").

4. Plaintiff is informed and believes and thereby alleges that Defendant E2K is a business that conducts operations in the State of California. Defendant E2K's business form is presently unknown.

5. At all relevant times, Defendant E2K was an employer in the State of California, and, as such, was prohibited from discriminating in the terms and conditions of employment on the basis of any protected category, including the fact that an employee is over the age of 40 years. Defendant 49ers employed more than 20 full-time employees, and, as such, it was an employer within the meaning of the California Fair Employment and Housing Act ("FEHA"), and the Age Discrimination in Employment Act ("ADEA").

6.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1367, in that Plaintiff is asserting federal claims, including violations of the ADEA, and the Court has supplemental jurisdiction over Plaintiff's state law claims, in that they arise from the same common nucleus of operative facts.

7.   Venue is proper in the Northern District of California, in that Plaintiff was employed by Defendant 49ers in this judicial district.

8.   Plaintiff is unaware of the true identity, nature and capacity of each of the Defendants designated herein as a DOE, whether individual, corporate, associate or otherwise, who therefore sues such Defendants by fictitious names pursuant to California Code of Civil Procedure §474.  Plaintiff is informed and believes and thereby alleges that each of the Defendants designated herein as a DOE is in some manner responsible for the damages and injuries as are alleged in this Complaint.  Upon learning the true identity, nature and capacity of the DOE Defendants, Plaintiff will amend this Complaint to allege their true names and capacities.

9.   Plaintiff has exhausted all administrative remedies with the Department of Fair Employment and Housing ("DFEH") and the United States Equal Employment Opportunity Commission ("EEOC") and Plaintiff has received the appropriate and timely right-to-sue letters. The EEOC issued Plaintiff a right-to-sue letter within the past 90 days.  Moreover, at least 60 days has passed since Plaintiff filed his administrative charges with the EEOC, alleging violations of the ADEA.

10.  Unless otherwise indicated as acting in individual capacity, Plaintiff is informed and believes, and thereby alleges that each of the Defendants herein were at all times relevant hereto, the agents, representatives, servants and employees of the remaining Defendants, and

were acting at least in part within the course and scope of such relationship, and that the wrongful acts alleged herein were committed by such Defendants, and each of them. Moreover, Defendants 49ers and E2K engaged Plaintiff in the employment relationship as joint employers.

## FACTUAL BACKGROUND

11. Plaintiff Bob Sarlatte is a former employee of Defendant 49ers. Defendant 49ers hired Plaintiff in or about 1984, and Plaintiff has been a member of the Forty Niners Entertainment Staff since approximately September 10, 1984. Plaintiff had an outstanding employment record, and he performed his duties and responsibilities as a 49ers employee in an excellent manner for approximately 30 years. Plaintiff was known throughout the decades as the "San Francisco 49ers Game Announcer."

12. Throughout his employment with Defendant 49ers, Plaintiff was hired through several third party intermediaries, including Defendant E2K, but Defendant 49ers controlled all aspects of the employment relationship for approximately 30 years. Defendants engaged in a joint employment relationship, but the 49ers made all pertinent employment decisions. Defendant 49ers controlled the means and manner in which Plaintiff conducted his announcing duties, including providing detailed scripts and other necessary terms and conditions of employment; Defendant 49ers continued to employ Plaintiff as an "announcer" for approximately 30 years notwithstanding which shell company or intermediary that facilitated the employment relationship on any given year; Defendant 49ers exercised complete discretion over when and how Plaintiff worked and conducted his job duties and responsibilities; Defendant 49ers controlled the means and methods of payment; Defendant 49ers had discretion to make all employment actions and decisions; Defendant 49ers assigned additional duties, as required, including such events as Alumni Day; and Defendant 49ers communicated the termination decision to Plaintiff, not E2K, as part of Defendant 49ers effort to reduce Defendant's older employees.

13. During this period of time, Plaintiff is informed and believes that Defendant San Francisco 49ers engaged in a pattern and practice of eliminating its older workers, while attempting to rebrand the team as a younger, technology driven organization.

14. In 2010, Jed York, the CEO of the 49ers, was actively looking for additional revenue streams for the 49ers, including making attempts to move the San Francisco 49ers to a new stadium in Silicon Valley, so that the 49ers could be rebranded as a team within the NFL that was "technology" driven. As part of that strategy, York hired Gideon Yu, a former executive at Facebook, YouTube, and Yahoo. Mr. York hired Mr. Yu as the 49ers' Chief Strategy Officer, and, in April 2011, York informed the employees that Mr. Yu would be working closely with him to re-brand the 49ers as a technology "startup" within the NFL, so that they could achieve their objective of moving the 49ers to a new stadium in Silicon Valley. When Mr. Yu arrived for work at the 49ers, he openly referred to the older workers as "legacy employees," a discriminatory term used to describe older employees in Silicon Valley.

15. As part of that technology strategy, in December 2012, Mr. York openly admitted that he wanted to hire the predominantly younger technology workers from the neighboring Silicon Valley technology companies. When asked why the 49ers wanted to hire these young technology workers, York said, "Because they made a lot of money, they did a lot of cool things before they turned 40 years old, and they don't want to go play golf six days a week." As a result, York and his staff engaged in an active strategy to quietly recruit younger technology workers to join the management and senior leadership ranks of the 49ers.

16. In order to make room for the younger technology workers, York engaged in a campaign to terminate the older, senior employees within the 49ers organization. For example, York and his senior management staff made disparaging remarks about older workers, made active attempts to eliminate his older management staff, including repeated violations of the

-5-
COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
SARLATTE V. SAN FRANCISCO FORTY-NINERS

Older Worker's Benefit Protection Act, and actively recruited younger employees to replace what he perceived to be an aging staff.

17.   During this period of time, when Defendant 49ers terminated these older employees, it simply told them that they were "going in a different direction," without any further explanation.

18.   In 2014, after completing the final events of the 49ers football season, Defendant 49ers' Manager – not E2K – contacted Plaintiff on the telephone, and Defendant informed Plaintiff that it was terminating his employment as the San Francisco 49ers Announcer, after approximately 30 years of successful service to the organization.

19.   When Plaintiff asked for a reason for the termination, Defendant 49ers' Manager told Plaintiff that the team was "going in a different direction."  When Plaintiff pressed for a legitimate explanation surrounding his termination, the 49ers' Manager kept repeating himself, saying the team was going in a different direction.  After continued pressing, the Manager became obviously evasive, and told Plaintiff that they were eliminating the Announcer position.  Plaintiff later learned that this explanation was false, and not worthy of any credence, as Defendant 49ers immediately hired a substantially younger Announcer to take Plaintiff's job position for the next season.

20.   Plaintiff Bob Sarlatte was 66 years old at the time of his termination.

### FIRST CAUSE OF ACTION

(Violations of the ADEA – Defendants San Francisco 49ers, E2K and DOES 1 to 10)

21.   Plaintiff realleges and incorporates by reference Paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22. The Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et. seq., prohibits an employer from discriminating in the terms and conditions of employment based upon the fact that an employee is over the age of 40 years old.

23. Defendants violated the ADEA with regard to Plaintiff when it discriminated against Plaintiff on the basis of age, and terminated Plaintiff's employment because of the fact that Plaintiff is over the age of 40 years old.

24. Defendants' conduct toward Plaintiff as alleged above, constitutes an unlawful employment practice in violation of the ADEA.

25. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be proven at trial. Plaintiff also seeks the equitable remedy of reinstatement to his former position.

26. Defendant's conduct is properly characterized as "willful" under the ADEA, and, as a result, Defendants are liable for liquidated damages.

## SECOND CAUSE OF ACTION

(Violations of FEHA – Defendants San Francisco 49ers, E2K, and DOES 1 to 10)

27. Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1 through 26 of this Complaint as fully set forth herein.

28. California Government Code § 12940 prohibits an employer from discriminating against workers over the age of 40 years old, in the terms and conditions of employment.

29. Defendants violated California Government Code § 12940 when they engaged in discriminatory practices, as alleged above, based upon the fact that Plaintiff was an older worker over the age of 40 years.

30. As a direct and proximate result of Defendants' discriminatory acts, Plaintiff has suffered loss of employment opportunities, loss of dignity, great humiliation, and emotional injuries manifesting in physical illness and emotional distress.

31. Defendants' actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, future earnings and benefits, costs of suit, embarrassment and anguish, in an amount according to proof.

32. The acts of the Defendants as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure Plaintiff and to cause mental anguish, anxiety, and emotional distress.  The acts of the Defendants were further committed by managing agents, officers, and/or directors of the Defendants, or ratified by the Defendants.  The Defendants' acts were done in conscious disregard of the risk of severe emotional harm to Plaintiff and with the intent to injure Plaintiff, constituting oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive damages.

### THIRD CAUSE OF ACTION

(Wrongful Termination in Violation of Public Policy – Defendant San Francisco 49ers, E2K, and DOES 1 to 10)

33. Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1 through 32 of this Complaint as fully set forth herein.

34. It is the fundamental public policy of the State of California that employers, like the 49ers and E2K, shall not discriminate against employees on the basis of age, including the fact that Plaintiff is over the age of 40 years. These fundamental public policies are embodied in the California Fair Employment and Housing Act, Government Code §§ 12940, et. seq., and the ADEA and OWBPA. These public policies of the State of California were substantial, fundamental, and well established at the time the Plaintiff was terminated.

35. In acting as alleged herein, Defendants wrongfully terminated Plaintiff in violation of these public policies.

36. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

37. Defendants' actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, in an amount according to proof.

38. The acts of the Defendants as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure Plaintiff and to cause mental anguish, anxiety, and emotional distress. The acts of the Defendants were further committed by managing agents, officers, and/or directors of the Defendants, or ratified by the Defendants. The Defendants' acts were done in conscious disregard of the risk of severe emotional harm to Plaintiff and with the intent to injure Plaintiff, constituting oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive damages.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendants, and each of them as follows:

1. For general damages in an amount according to proof;
2. For special damages in an amount according to proof;
3. For prejudgment interest in an amount according to proof;
4. For punitive damages in an amount according to proof;
5. For equitable and/or injunctive relief;
6. For statutory penalties, including liquidated damages;
7. For reasonable attorney's fees and cost of suit therein;
8. For such other and further relief as the court may deem proper.
9. **Plaintiff demands a trial by jury**.

Dated:  May 17, 2016                                BROWN | POORE LLP


                                                    By:   *//s// David M. Poore*
                                                          David M. Poore
                                                          Attorneys for Plaintiff